UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: § | Case No. 20-50578-rbk | |
| § | | |
| SALUBRIO, LLC § | Chapter 11 | |
| § | | |
| Debtor § | | |
| § | | |
| § | | |
| ULISES FLORES § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Adversary No. | |
| § | | |
| SALUBRIO, LLC § | _____ | |
| § | | |
| Defendant. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT TO DETERMINE THE**
**DISCHARGEABILITY OF CERTAIN DEBTS**
**PURSUANT TO 11 U.S.C. §§523(a)(2) AND (6)**

TO THE HONORABLE RONALD B. KING, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES **ULISES FLORES** and files this Complaint To Determine The Dischargeability Of Certain Debts Pursuant To 11 U.S.C. §§523(a)(2) and (6) and in support thereof would respectfully show unto the Court as follows:

**I.**
**JURISDICTION AND VENUE**

1.01   Jurisdiction of this Court to hear this matter is founded upon 28 U.S.C. §§157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

1.02  Venue is appropriate in this Court pursuant to 28 U.S.C. §1408. The statutory predicate for the adjudication of these claims is 11 U.S.C. §523(a) and Bankruptcy Rules of Procedure 7001, et. seq.

## II.
## PARTIES

2.01  Plaintiff, Ulises Flores is a resident of Texas.

2.02  Defendant, SALUBRIO, LLC, is a Foreign Limited Liability Company who filed Chapter 11 on March 11, 2020. The registered agent and officer of SALUBRIO, LLC is Douglas Smith, M.D. Douglas Smith, M.D. regularly conducts business at 555 E. Basse Road, Suite 111, San Antonio, Texas 78209. Pursuant to Rule 7004(b)(3), Douglas Smith, M.D. may be served with process by mailing the complaint and summons to the attention of Douglas Smith, M.D. via certified mail, return receipt requested and first class mail to 555 E. Basse Road, Suite 111, San Antonio, Texas 78209. **Issuance of Citation and Service of Process is requested at this time.**

## III.
## FACTS

3.01  Plaintiff, Ulises Flores (hereinafter "Flores") was in an accident on or about August 24, 2017. As a result, Flores sought medical services from Defendant SALUBRIO, LLC D/B/A BRIO, LLC (hereinafter "BRIO"). BRIO was compensated for the services provided in an amount that had previously been agreed upon between BRIO and Flores's attorney representing him in asserting his personal injury claims. After BRIO's acceptance of a smaller amount, BRIO attempted to unlawfully recoup more money for the services that it had already been paid for. In doing so, BRIO through its representatives and agents,

began threatening Flores and the attorneys who represented Flores in his personal injury claims. BRIO filed the lawsuit styled *Salubrio, LLC d/b/a Brio, LLC v. Ulises Flores, et. al.* Cause No. 2019-CI-08994 pending in the 224th District Court in Bexar County, Texas.

3.02 BRIO is a debt collector as defined by the Texas Debt Collection Act (TDCA). BRIO is attempting to collect a consumer debt from Flores, namely unreasonable and unnecessary charges for a MRI performed at BRIO. In attempting to collect the alleged debt, BRIO committed wrongful acts in violation of the TDCA. Namely, BRIO has made threats and used coercion, harassment, false, deceptive and misleading practices in an attempt to have Flores pay the alleged debt. Prior to filing suit, BRIO falsely accused and threatened to accuse falsely Flores of fraud and engaging in a scheme to commit insurance fraud. In its lawsuit, BRIO accused Flores of engaging in fraud and participating in fraudulent and illegal practices. Prior to suit, BRIO repeatedly threatened to take actions which were prohibited by law. And, both pre-suit and in its lawsuit, BRIO misrepresented the character, extent and amount of the alleged debt. BRIO's threats, accusations and demands arose to the level of extreme coercion, harassment, false, deceptive and misleading practices.

3.03 Moreover, prior to filing suit against Flores, BRIO attempted to collect attorneys' fees and expenses without providing any justification for the same and representing that the debt will be increased by the addition of the attorneys' fees and other costs when the award of fees or charges is subject to judicial discretion.

3.04　Brio acts violated the TDCA by engaging as a debt collector and attempting to collect a consumer debt through threats and coercion. Specifically, Brio violated the TDCA as follows:

- By falsely accusing or threatening to accuse Flores of fraud. Tex. Fin. Code Ann. §392.301(a)(2).

- Threatening to take an action prohibited by law. Tex. Fin. Code Ann. §392.301(a)(8)

3.05　Moreover, Brio used unfair and unconscionable means in attempting to collect its alleged debt from Flores, which further violates the TDCA as follows:

- Collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation when there is no agreement that expressly creates the obligation. Tex. Fin. Code §392.303(a)(2).

3.06　Further, Brio engaged in fraudulent, deceptive and misleading representations in connection with the collection of the alleged debt. Such conduct violates the TDCA as follows:

- Misrepresenting the character, extent or amount of a consumer debt or misrepresenting the consumer debt's status in a judicial proceeding. Tex. Fin. Code Ann. §392.304(a)(8).

- Representing that a consumer debt will definitely be increased by the addition of attorneys' fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize additional fees or charges. Tex. Fin. Code Ann. §392.304(a)(12).

- Representing that a consumer debt may be increased by the addition of attorneys' fees, investigation fees, service fees, or other charges if the award of fees or charges is subject to judicial discretion. Tex. Fin. Code Ann. §392.304(a)(13).

- Using any other false representations or deceptive means to collect a debt. Tex. Fin. Code Ann. §392.304(a)(19).

3.07    As a result of BRIO's violations of the TDCA, Flores has sustained injury. Moreover, as a result of BRIO's use of threats or coercion, Flores is entitled to not less than $100 for each violation.   TEX. FIN. CODE ANN. §392.403(e).

3.08    Additionally, Flores has a cause of action under the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA). TEX. BUS. & COMM. CODE §17.50 et. seq. Specifically, a violation of the TDCA is a deceptive trade practice under the DTPA. The above violations of the TDCA, and subsequently the DTPA, were committed knowingly and/or intentionally, permitting Flores to recover additional damages for BRIO's conduct.

3.09    BRIO's willful fraudulent filing of the lawsuit against Flores and the coercive and harassing acts by BRIO fits one or more of the discharge exceptions found at 11 U.S.C. §523(a)(2)(A) and (a)(6).

## IV.
## COUNT ONE – DISCHARGE EXCEPTION 11 U.S.C. §523(a)(2)

4.01    Flores incorporates the factual allegations set forth in paragraphs 3.01 through 3.09 as if fully set forth at length.

4.02    Section 523(a)(2) provides that a debt for money, property or services is not discharged where that debt was incurred based upon "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." *See,* 11 U.S.C. §523(a)(2)(A).

4.03    Flores would show that BRIO made material false representations to Flores and committed actual fraud by:

- Falsely representing that Flores owed an alleged debt to BRIO.

Ulises Flores
Complaint To Determine The Dischargeability of Debt
Pursuant to 11 U.S.C. §§523(a)(2) and (6)                                                                                                               Page 5 of 9

- Threating to falsely accuse Flores of fraud in attempting to collect on an alleged debt, in violation of Texas Finance Code §392.301(a)(2).

- Falsely accusing Flores of fraud in attempting to collect on an alleged debt, in violation of Texas Finance Code §392.301(a)(2).

- Engaging in unfair and unconscionable means to attempt to collect an alleged debt by attempting to collect interest or a charge, fee, or expense incidental to the alleged obligation where there is no agreement that expressly creates the obligation, in violation of Texas Finance Code §392.303(a)(2).

- Misrepresenting the character, extent and amount of Flores's alleged debt, in violation of Texas Finance Code §392.304(a)(8).

- Misrepresenting Flores's debt status in a judicial proceeding, in violation of Texas Finance Code §392.304(a)(8).

4.04 As a result of BRIO's actions, Flores suffered actual, foreseeable injury. Because BRIO violated the TDCA, Flores is entitled to recover additional damages of at least $100.00 per violation. BRIO'S actions were intentional and made with actual awareness of the deception, fraud and misrepresentations. In accordance with the TDCA and DTPA, Flores seeks an award of additional damages in an amount not to exceed three times that portion of his economic damages proven as authorized by the DTPA, §17.50(b)(1).

4.05 Flores requests that this Court find that the damages sustained by Flores were the result of false representations and actual fraud perpetrated by BRIO, and held to be non-dischargeable debts of BRIO pursuant to 11 U.S.C. §523(a)(2).

## V.
## COUNT TWO – DISCHARGE EXCEPTION 11 U.S.C. §523(a)(6)

5.01 Flores incorporates the factual allegations set forth in paragraphs 3.01 through 3.09 as if fully set forth at length.

5.02 Section 523(a)(6) provides that a debtor is not discharged from a debt that arises out of "the willful and malicious injury by the debtor to another entitiy…" *See*, 11 U.S.C. §523(a)(6).

5.03 In the alternative and without waiving the foregoing claims and allegations of non-dischargeability of the damages imposed upon Flores by the knowingly committed and intentionally fraudulent acts of BRIO which resulted in actual pecuniary loss to Flores. Flores further alleges that the damages sustained by Flores at the hand of BRIO were committed willfully and maliciously and are, therefore, non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

5.04 Flores requests that this Court find that the damages sustained by Flores be held to be non-dischargeable obligations of BRIO in accordance with 11 U.S.C.§523(a)(6).

## VI.
## ATTORNEY'S FEES & DAMAGES

6.01 As a result of BRIO's conduct, Flores was required to retain the undersigned attorneys and incur attorneys' fees and court costs for which he seeks recovery under the TDCA and DTPA. Flores hereby seeks to recover all of his costs and reasonable attorneys' fees incurred in connection with the prosecution of this action in both state court and now this court.

6.02     Flores seeks recovery of his actual foreseeable damages suffered as a result of BRIO's violations of the TDCA. Flores seeks recovery of additional damages of at least $100.00 per violation of the TDCA. Moreover, Flores seeks the recovery of exemplary damages for BRIO's knowing and intentional conduct in violation of the DTPA.

6.03     Furthermore, Flores seeks to recover prejudgment and post judgment interest against BRIO on all sums found by this Court to be due, owing and non-dischargeable pursuant to 11 U.S.C. §§523(a)(2) and/or (6).

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Flores prays that SALUBRIO, LLC be cited to appear and answer herein, and that upon a final hearing, judgment be entered for Flores against SALUBRIO, LLC as follows:

a. Economic and actual damages of $35,000.00 plus additional damages;

b. For additional actual damages that exceed (and are non-duplicative of) the amounts set forth in subparagraph a. hereof, plus treble damages as permitted under the Texas Deceptive Trade Practices—Consumer Protection Act, including §17.50(b)(1);

c. For exemplary damages;

d. That the damages awarded against SALUBRIO, LLC be held non-dischargeable under 11 U.S.C. §523(a)(2) and as applicable (6);

e. Reasonable and necessary attorney fees, out of pocket expenses and costs of court;

  f. Pre-judgment interest (from the date of damage through the date of judgment) at the maximum rate allowed by law;

  g. Post-judgment interest as allowed by law; and

  h. For such other and further relief to which Ulises Flores may show himself entitled to at law or in equity.

Dated this 5st day of June, 2020.

            Respectfully submitted,

            KUSTOFF & SANDERS, L.L.P.
            4103 Parkdale Street
            San Antonio, Texas 78229
            Telephone: (210) 614-9444
            Telecopier: (210) 614-9464

            By: */s/ MELANIE HESSLER SANDERS*
              DANIEL O. KUSTOFF
              State Bar No. 11770515
              service@salegal.com
              MELANIE HESSLER SANDERS
              State Bar No. 24032416
              service@salegal.com
              TAYLOR L. CRULL
              State Bar No. 24107021
              service@salegal.com
            ATTORNEYS FOR ULISES FLORES